IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 4:23-CR-3082 |
| CAROLYNNE R. PARKER, | |
| Defendant. | |

This matter is before the Court upon the initial review of the motion to vacate under 28 U.S.C. § 2255 (filing 82), and motion to appoint counsel (filing 81), filed by the defendant, Carolynne R. Parker. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled

to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2023 with one count of theft from an organization receiving federal funding. *See* filing 1; 18 U.S.C. § 666(a)(1)(A). The indictment alleged that between 2018 and 2019, Parker unlawfully obtained at least $5,000 from Fallbrook Family Health, an organization that, during the relevant period, received more than $10,000 in federal funds.

The defendant pled no contest on May 20, 2024. *See* filing 39; filing 40. She admitted that she "received money alleged in the Indictment and [did] not wish to contest the charge." Filing 49 at 7. There was no plea agreement. She was ultimately sentenced to 21 months' imprisonment, the bottom end of the advisory guidelines range (*see* filing 64 at 17). She was also ordered to pay $24,430.38 in restitution. She timely appealed her sentence, though she later withdrew her appeal. *See* filing 79; filing 82 at 2. She then filed this § 2255 motion *pro se*, accompanied by a motion to appoint counsel.

## DISCUSSION

The defendant claims she received ineffective assistance of counsel. *See* filing 82 at 4-6. To establish such a claim, she must show that her attorney's performance was deficient and that those deficiencies prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can

2

be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). She must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, she must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant asserts that her attorney failed to present witnesses in her defense, failed to give the undersigned "the whole picture" of her case, and was not prepared for the sentencing hearing. She claims her sentencing hearing was "like a one-sided trial" where she was unable to defend herself. *See* filing 82 at 4. The defendant appears to argue that she would have received a lesser sentence had her attorney better advocated for her, apparently by asking different questions, requesting a forensic analysis of the victim's computer, or calling certain unidentified "key witnesses."

Any amount of additional jail time resulting from the ineffectiveness of counsel has constitutional significance. *Glover v. United States,* 531 U.S. 198, 203 (2001). But general allegations about an attorney's failure to investigate do not demonstrate prejudice; rather, a defendant must identify *specific* evidence that would have affected the outcome of the proceeding. *See Palmer*

3

*v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005). The defendant has not explained who the "key witnesses" are or what they would have said. Nor has she explained what the forensic analysis would have shown in her defense. She has also failed to explain what her attorney should have done or said differently to change the outcome of her sentencing.

Because of her no contest plea, entered into knowingly and voluntarily (*see* filing 40), whatever evidence the defendant wishes her attorney had presented could not have been used to refute the factual basis of the government's charge. She already admitted to the government's allegations, or at least asserted that she would not contest them. Those representations carry a strong presumption of verity, and pose a formidable barrier in collateral proceedings. *See Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). The defendant has not provided any explanation to overcome that presumption.

The defendant was sentenced at the low end of the advisory guidelines range, after the Court carefully considered the § 3553(a) factors. The Court also reviewed various letters in support of the defendant prior to her sentencing, and reviewed several letters submitted by the defendant herself. *See* filing 63; filing 48. The defendant's attorney was not constitutionally ineffective by failing to present evidence the Court would have rejected, nor was the defendant prejudiced by that failure.[1]

---

[1] The defendant also takes issue with the Court's recommendation to the Bureau of Prisons that she be allowed to take part in educational or vocational training while incarcerated. See filing 82 at 5; filing 75 at 211. It's unclear how a *recommendation* for the *opportunity* to participate in rehabilitative programs justifies vacating a sentence under § 2255.

4

CONCLUSION

The defendant's allegations either entitle her to no relief, or are contradicted by the record. Accordingly, her § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on her § 2255 motion unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion to vacate under 28 U.S.C. § 2255 (filing 82) and motion to appoint counsel (filing 81) are denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 8th day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

6